# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (THIS "AGREEMENT") is entered into by and among PARAMOUNT ALF, INC. d/b/a KIVA of PALATKA including its heirs, representatives, attorneys, successors, officers, directors, shareholders and assigns, (hereinafter collectively referred to as "Defendants"), and LATONYA SMITH including her heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), (hereinafter collectively referred to as the "Parties"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely the claims for unpaid wages brought by Plaintiff that now exist or may exist between them, agree as follows:

## RECITALS

A. The Plaintiff filed a claim for unpaid overtime wages and for retaliation in the case styled *LATONYA SMITH v. PARAMOUNT ALF, INC. d/b/a KIVA OF PALATKA* Case No.: 17-CV-02870-EAK-JSS pending before the U.S. District Court for the Middle District of Florida (hereinafter referred to as the "Litigation"), alleging that the Defendant violated the Fair Labor Standards Act (the "FLSA").

B. The Defendant denies that it is liable to the Plaintiff for any unpaid overtime wages under the allegations set forth in the Litigation. The Plaintiff acknowledges that Defendant's settlement of her FLSA claim in the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiff's employment by the Defendant, and that the Defendant is settling this matter to avoid any further costs and expense of litigation;

C. The parties are entering into this Agreement for the purposes of settling, compromising and resolving the Plaintiff's FLSA overtime claims in the Litigation.

D. The parties have entered into good faith settlement negotiations resulting in this Agreement. The purpose of this Agreement is to settle and compromise the Plaintiff's FLSA overtime claims in the Litigation without any future cost and expense of litigation, and to bar any and all claims and controversies for alleged unpaid overtime wages between the parties existing prior to the execution of this Settlement Agreement. Each party believes settlement of the Litigation, and all other possible disputes between the parties, is in their mutual best interests; and

E. The parties desire to memorialize their agreement.

 LATONYA SMITH  PARAMOUNT ALF INC.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. **Consideration.** In consideration for signing this FLSA Settlement Agreement, and complying with its terms, Defendant agrees to pay Plaintiff Five Thousand Dollars ($5,000.00) to resolve her FLSA overtime claims in the Litigation as follows:

The Settlement Funds shall be paid by Defendant as follows:

The Settlement Funds shall be disbursed by Plaintiff's Counsel, Luis Cabassa, Esq. upon approval by the court of the Settlement Agreement and dismissal of the case, and allocated as follows:

  a. Plaintiff shall receive Three Thousand Dollars and 00/100 Cents ($3,000.00) payable to Plaintiff representing alleged unpaid wages;

  b. Plaintiff shall receive One Thousand Dollars and 00/100 Cents ($1,000.00) payable to Plaintiff representing alleged liquidated damages.

  c. One Thousand Dollars and 00/100 Cents ($1,000.00) payable to Plaintiff's Counsel, which represents attorneys' fees and costs in this litigation.

  c. Defendant agrees to pay the Settlement Funds within ten (10) days of the date of the Court's entry of Approval of the Settlement Agreement and upon Defendant's receipt of a tax form W-9 from both Plaintiff and her counsel.

The sums detailed above are in full and final settlement and resolution of any and all FLSA overtime claims which Plaintiff had, has, or may have against Defendant in the Litigation.

2. **Tax Responsibility.** Plaintiff agrees that she will be exclusively responsible for the payment of any taxes owed on any amounts paid to her under Sections 1(a) of this Agreement. Defendant makes no representations as to the taxability of the amounts paid to Plaintiff or her counsel. Plaintiff agrees to pay the portion of federal, state or local taxes, if any, which are required to be paid with respect to the amounts paid to her under Sections 1(a) of this Agreement. Moreover, Plaintiff agreed to indemnify Defendant and hold them harmless from any interest, taxes, or penalties assessed against them by any governmental agency as the result of the non-payment of taxes on any amounts paid to him or his counsel under Sections 1(b) and 1(c) of this FLSA Settlement Agreement.

3. **No Consideration Absent Execution of this Settlement Agreement.** Plaintiff understands and agrees that she would not receive the monies and/or benefits specified in paragraph "1" above, except for her execution of this Settlement Agreement and the fulfillment of the promises contained herein.

 LATONYA SMITH      PARAMOUNT ALF INC.

4.    **Release of All Compensation-Related Claims.**    Plaintiff knowingly and voluntarily releases and forever discharges Defendant and its executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and its current and former employees, attorneys, officers, directors, board members, shareholders, owners and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Settlement Agreement as "Releasees"), from all FLSA overtime wage claims in the Litigation.

5.    **No Admission of Liability.**    The Plaintiff understands and agrees that the Defendant admits no liability with respect to the Litigation.

6.    **Severability and Survival.**    If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

7.    **Controlling Law and Venue.**    This FLSA Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida and precedent in the Eleventh Circuit governing FLSA claims, as they are applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.  In addition, the Plaintiff acknowledges that jurisdiction and venue shall lie exclusively in the federal or state courts located within Putnam County, Florida, over any claims arising under or relating to this Settlement Agreement.

8.    **Authorship.**    All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

9.    **Execution in Counterparts.**    The parties acknowledge and agree that this Settlement Agreement may be executed electronically and in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

10.    **Recitals.**    The recitals are incorporated by reference.

  LATONYA SMITH                              PARAMOUNT ALF INC.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the 26 day of March 2018.

| LATONYA SMITH | PARAMOUNT ALF, INC. |
|---|---|
| By: *(signature)* | By: *(signature)* |
| Date: 3/29/18 | Date: 3/26/18 |

*LS* LATONYA SMITH        *(initials)* PARAMOUNT ALF INC.